UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SHOLAY A. DIXON,

                              Plaintiff,

v.

INTERNATIONAL UNIFIED WORKFORCE, INC.,

                              Defendant.

**REPORT AND RECOMMENDATION**
18-CV-7191-LDH-SJB

---

**BULSARA, United States Magistrate Judge:**

      On December 17, 2018, Plaintiff Sholay A. Dixon ("Dixon") filed a Complaint against International United Workforce, Inc. ("IUWF") for violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). (Compl., Dkt. No. 1). On December 2, 2019, following the Clerk of Court's entry of default, Dixon moved for a default judgment against IUWF. (Mot. for Default J., Dkt. No. 16). On July 29, 2020, the Court issued an order to show cause directing Dixon to explain or correct his failure to satisfy the interstate commerce requirement of FLSA and his failure to comply with Local Rule 55.2 by August 5, 2020, or withdraw the default motion and file an amended complaint by August 12, 2020. (Order to Show Cause, Dkt. No. 18). To date, Dixon has not responded to the Order to Show Cause, withdrawn his default motion, or amended his Complaint. Thus, this Court respectfully recommends that the motion for default judgment be denied.

      A threshold deficiency requires would permit denial of the motion, irrespective of the merits of the underlying default judgment request. The Court issued an Order to Show Cause on July 27, 2020, which directed Dixon to show

cause by August 5, 2020, (1) why the Complaint's allegations were sufficient to satisfy the interstate nexus requirement of FLSA, and (2) why the motion for default judgment complied with Local Rule 55.2's service requirements. (Order to Show Cause, Dkt. No. 18, at 1). In the alternative, Dixon was permitted to withdraw the motion for default judgment and file an amended complaint by August 12, 2020. (*Id.* at 6). Nonetheless, he failed to take either of the proffered options and decided to neither explain why default judgment may be entered nor file an amended complaint. Having failed to respond to the Court's order, the Court may—among other things—deny the motion and dismiss the case. *Cf., e.g.*, *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 194 (2d Cir. 1999). In any event, however, the motion for default judgment fails on the merits and should be denied.[1]

I.   Service

Dixon's motion should be denied for failure to comply with Local Rule 55.2(c). Under Local Rule 55.2(c), a plaintiff must serve, via mail, all papers submitted in connection with a default judgment motion upon defendants at their last known residence (if an individual) or the last known business address (if a person other than an individual). "Proof of such mailing shall be filed with the Court." Loc. Civ. R. 55.2(c). Further, "[i]f the mailing is returned, a supplemental affidavit shall be filed with the Court setting forth that fact, together with the reason provided for return, if any." *Id.*

---

[1] This is not the first time Dixon has failed to comply timely with a Court order. On September 20, 2019, this Court ordered Dixon to seek a certificate of default by October 21, 2019. (Order dated Sept. 20, 2019). Dixon filed his request for certificate of default on October 28, 2019, a week late. (Req. for Certificate of Default dated Oct. 28, 2019, Dkt. No. 13).

Dixon failed to file any proof that the documents required by Local Rule 55.2—the certificate of default, the Complaint, and the proposed default judgment—were mailed to IUWF in accordance with Local Rule 55.2(c) contemporaneously with the motion for default judgment. Nor is there any evidence that the supporting memorandum of law was served upon IUWF.

Local Rule 55.2 is strictly construed, and failure to comply with the rule is alone a basis to deny the motion for default judgment. *E.g.*, *Assets Recovery Ctr. Invs., LLC v. Smith*, No. 13-CV-253, 2015 WL 13741871, at *7 (E.D.N.Y. Sept. 22, 2015) (denying motion for default judgment for failure to mail defendants the documents enumerated in Local Rule 55.2(b)); *United States v. Hamilton*, No. 18-CV-2011, 2019 WL 6830318, at *2–3 (E.D.N.Y. Nov. 26, 2019) (recommending denial of motion for default judgment because Plaintiff failed to follow Local Rule 55.2(c) and noting that "courts in the Eastern and Southern Districts regularly deny such motions when strict procedural compliance is lacking"), *report and recommendation adopted*, 2019 WL 6828276 (Dec. 13, 2019). Thus, the motion should be denied.

II.   <u>Liability Under FLSA</u>

In deciding a motion for default judgment, "a court is required to accept all of the [moving party]'s factual allegations as true and draw all reasonable inferences in its favor." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). A party's default is deemed an admission of all well-pleaded allegations of liability. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d. Cir. 1992); *Morales v. B & M Gen. Renovation Inc.*, No. 14-CV-7290, 2016 WL 1266624, at *2 (E.D.N.Y. Mar. 9, 2016), *report and recommendation adopted*, 2016 WL 1258482 (Mar. 29,

3

2016).

The court must then determine "whether the unchallenged facts constitute a legitimate cause of action." 10A Charles Alan Wright & Arthur R. Miller et al., *Federal Practice & Procedure* § 2688.1 (4th ed. 2020) ("Once the default is established, defendant has no further standing to contest the factual allegations of plaintiff's claim for relief. Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." (footnote omitted)); *Labarbera v. ASTC Labs. Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (adopting report and recommendation). Even if the motion had been properly served, it should be denied. Taking all well-pleaded allegations as true and drawing all reasonable inferences in Dixon's favor, he has failed to establish IUWF's liability under FLSA.

To establish liability under FLSA, a plaintiff must show that the employer is subject to FLSA. Employers are subject to FLSA when its employees are either "engaged in commerce or in the production of goods for commerce" ("individual coverage") or "employed in an enterprise engaged in commerce or in the production of goods for commerce" ("enterprise coverage"). 29 U.S.C. §§ 206(a), 207(a)(1); *Shim v. Millennium Grp.*, No. 08-CV-4022, 2009 WL 211367, at *2 (E.D.N.Y. Jan. 28, 2009); *see generally Tony & Susan Alamo Found. v. Sec'y of Lab.*, 471 U.S. 290, 295 n.8 (1985). Enterprise coverage exists where an employer has (1) "employees engaged in commerce or in the production of goods for commerce"; and (2) an "annual gross volume of sales made or business done" greater than $500,000. 29 U.S.C. § 203(s)(1)(A).

"[T]o properly allege individual or enterprise coverage, [plaintiff] need not do

4

much. Aside from stating the nature of his work and the nature of [his employer's] business, he must provide only straightforward allegations connecting that work to interstate commerce." *Sciacca v. Vectorworks Marine, LLC*, No. 12-CV-1255, 2013 WL 656325, at *4 (M.D. Fla. Feb. 1, 2013) (second and third alterations in original), *report and recommendation adopted*, 2013 WL 655402 (Feb. 22, 2013).

The Complaint alleges that IUWF violated FLSA requirements by failing to pay Dixon minimum and overtime wages. (Compl. ¶¶ 38–42, 50–55). The Complaint attempts to establish enterprise coverage by pleading that "[u]*pon information and belief*," IUWF "had and has employees engaged in commerce or in the production of goods for commerce and handles, sells, or otherwise works on goods or materials that have been moved in or produced for commerce by any person" and that it "had and has an annual gross volume of sales not less than $500,000.00." (*Id*. ¶ 12 (emphasis added)). It likewise alleges, "*upon information and belief*, during Plaintiff Dixon's employment with Defendant IUWF, Plaintiff Dixon routinely engaged in activities which facilitate or relate to interstate or foreign commerce." (*Id*. ¶ 13 (emphasis added)). No additional factual averments are provided with respect to interstate commerce.

As such, Dixon's Complaint lacks the necessary factual detail necessary to support a finding that IUWF is engaged in interstate commerce and subject to FLSA. Where a plaintiff merely repeats the statutory language under FLSA and fails to provide sufficient facts for the Court to infer that defendant is an enterprise "engaged in interstate commerce" within the meaning of FLSA, the Complaint does not meet the necessary pleading threshold for a default judgment to be entered. *See, e.g.*, *Payamps v. M & M Convenience Deli & Grocery Corp.*, No. 16-CV-4895, 2018 WL 3742696, at *6

5

(E.D.N.Y. May 18, 2018) (collecting cases), *report and recommendation adopted*, Order (Mar. 31, 2020); *see also Siemieniewicz v. CAZ Contracing Corp.*, No. 11-CV-704, 2012 WL 5183375, at *7 (E.D.N.Y. Sept. 21, 2012) (finding plaintiffs had insufficiently pled enterprise liability in FLSA action under *Iqbal*'s standard where they merely repeated the statutory language that employer was "engaged in interstate commerce and/or production of goods for commerce"), *report and recommendation adopted as modified*, 2012 WL 5183000 (Oct. 18, 2012); *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 85–86 (E.D.N.Y. 2012) ("[I]nferring an interstate commerce nexus from nothing more than the general description of an employer's business—however likely the conclusion may seem—is in tension with both the presumption against default and the purpose of Federal Rule of Civil Procedure 55."); *Jones v. E. Brooklyn Sec. Servs. Corp.*, No. 11-CV-1021, 2012 WL 909830, at *1–2 (E.D.N.Y. Feb. 28, 2012) (recommending the denial of a default judgment motion where the complaint contained "only conclusory statements about interstate commerce"), *report and recommendation adopted*, 2012 WL 909825 (Mar. 16, 2012); *Briggs v. Russell Elec. Constructors, LLC*, No. 18-CV-140, 2018 WL 6839057, at *2 (N.D. Fla. Oct. 5, 2018) ("Plaintiff attempts to assert . . . enterprise coverage by alleging that Defendant 'had annual gross sales in excess of $500,000.00 and two or more employees who regularly handled goods that moved in or were produced for interstate commerce,' and that Defendant 'was an enterprise engaged in commerce as defined.' Plaintiff also alleges that Plaintiff worked for Defendant as an electrician from 2004 to 2017, during which 'Defendant's employees, including Plaintiff, handled and used materials, which have moved in interstate commerce.' These are the only allegations relating to whether Plaintiff is covered by the FLSA. This Court finds that Plaintiff has not alleged facts

6

that are sufficient to plead either individual or enterprise coverage under the FLSA. The problem with the Complaint is that it did not provide sufficient factual allegations about Defendant's business or the nature of Plaintiff's work. Paragraphs 6 and 7 of the Complaint are just plain recitals of the statute." (citations omitted)); *Morrow v. J W Elec., Inc.*, No. 11-CV-1988, 2011 WL 5599051, at *3 (N.D. Tex. Nov. 16, 2011) (holding plaintiff who performed electrical work failed to allege enterprise coverage where "he cite[d] cases that establish that the mere handling of goods or materials that have traveled in interstate commerce creates enterprise coverage" but did not allege such facts himself and only made conclusory allegations repeating the statutory language). Requiring additional facts is not only "more consistent with applicable case law concerning pleading requirements" but also more in line with "FLSA's remedial purpose to require a plaintiff seeking the statute's protection to explain in his pleading just what it is about his employer's business that brings it within the law's ambit." *Siemieniewicz*, 2012 WL 5183375, at *8.

The minimal allegations in the Complaint about interstate commerce are made solely on information and belief, and such allegations are accorded no weight, even on default. *Flanagan v. N. Star Concrete Const., Inc.*, No. 13-CV-2300, 2014 WL 4954615, at *6 (E.D.N.Y. Oct. 2, 2014) ("In general, 'conclusory allegations based on information and belief' are insufficient to support a finding of default-based liability." (quoting *J & J Sports Prods., Inc. v. Daley*, 2007 WL 7135707, at *3 (E.D.N.Y. Feb. 15, 2007))); *Kingvision Pay-Per-View, Ltd. v. Los Mellizos Bar Rest. Corp.*, No. 06-CV-6251, 2007 WL 1703773, at *2 (E.D.N.Y. June 8, 2007) (finding allegations based "'upon information and belief' . . . do not constitute well-plead[ed] facts"). As a result, the motion for default judgment should be denied.

In light of the denial of the motion for default judgment, the Court recommends that the Court dismiss the Complaint and decline to exercise jurisdiction over the NYLL claims. *See, e.g.*, *Lamaka v. Russian Desserts Inc.*, No. 18-CV-7354, 2020 WL 42810, at *1–2 (E.D.N.Y. Jan. 3, 2020). Dixon, a resident of New York, asserts four NYLL claims against IUWF, which is alleged to be a corporation incorporated in and with its principal place of business in New York. (Compl. ¶¶ 6–7, 43–49, 56–62, 63–67, 68–71). Dixon alleges that this Court may exercise supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367. (*Id.* ¶ 4). A court "may decline to exercise supplemental jurisdiction over" state-law claims among nondiverse parties where it "has dismissed all claims over which it has original jurisdiction." 29 U.S.C. § 1367(c). Because of Dixon's failure to establish IUWF's liability under FLSA, this Court recommends that supplemental jurisdiction should be declined over the NYLL claims. *E.g.*, *Byron v. Genovese Drug Stores, Inc.*, No. 10-CV-3313, 2011 WL 4962499, at *4–5 (E.D.N.Y. Oct. 14, 2011) (declining to exercise jurisdiction over NYLL claims after FLSA claims were dismissed); *Fernandez v. Main Glatt Corp.*, No. 12-CV-986, 2014 WL 1310287, at *4 (E.D.N.Y. Mar. 14, 2014) (recommending that motion for default judgment be denied and jurisdiction not be exercised over NYLL claims pursuant to section 1367(c) when plaintiffs failed to plead FLSA claims), *report and recommendation adopted*, 2014 WL 1310291 (Mar. 31, 2014).

CONCLUSION

For the reasons stated, the Court respectfully recommends that the motion for default judgment be denied, the Complaint be dismissed, and the Clerk of Court be directed to close the case.

Any objections to the Report and Recommendation above must be filed with the

Clerk of the Court within 14 days of receipt of this report.  Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate [judge's] report operates as a waiver of any further judicial review of the magistrate [judge's] decision.").

Dixon is directed to serve a copy of this Report and Recommendation on Defendants and file proof of such service on the record.

SO ORDERED.

*/s/ Sanket J. Bulsara* September 1, 2020
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York